# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ROBBIN L. JONES, : | |
| Plaintiff, : | |
| : | Case No. 3:08cv00224 |
| vs. : | |
| : | District Judge Walter Herbert Rice |
| MICHAEL J. ASTRUE, : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | |
| Security Administration, : | |
| Defendant. : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Robbin L. Jones previously filed an application with the Social Security Administration seeking Disability Insurance Benefits. The Social Security Administration, through a decision by Administrative Law Judge (ALJ) Thomas R. McNichols, II, denied Plaintiff's application. As a result, she brought the present case challenging ALJ McNichols' decision.

This Court previously vacated ALJ McNichols' non-disability decision because he did not apply the correct legal criteria when evaluating the opinions of Plaintiff's treating physician and because the error was not harmless. (Doc. #s 15, 16). The Court therefore remanded this matter to the Social Security Administration under sentence four of 42

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

U.S.C. §405(g) for further proceedings.

The case is presently pending upon Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA) (Doc. # 18), the Commissioner's Memorandum in Opposition (Doc. # 19), Plaintiff's Reply (Doc. # 21), and the record as a whole.

The EAJA requires the Government to pay a prevailing social security plaintiff's attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412 (d)(1)(A); *see Marshall v. Commissioner of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). A position is "substantially (*i.e.*, for the most part) justified..." under the EAJA when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "Stated otherwise, a position is substantially justified when it has a 'a reasonable basis in law and fact.'" *Howard*, 376 F.3d at 554 (quoting, in part, *Pierce*, 487 U.S. at 566 n.2). The conclusion that the Government's position "was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified.... Indeed, 'Congress did not ... want the 'substantially justified' standard to be 'read to raise a presumption that the Government position was not substantially justified simply because it lost the case....'" *Howard*, 376 F.3d at 554 (citations omitted); *see Pierce*, 487 U.S. at 566 n.2.

The EAJA places the burden on the Government to demonstrate that its position

U.S.C. §405(g) for further proceedings.

The case is presently pending upon Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA) (Doc. # 18), the Commissioner's Memorandum in Opposition (Doc. # 19), Plaintiff's Reply (Doc. # 21), and the record as a whole.

The EAJA requires the Government to pay a prevailing social security plaintiff's attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412 (d)(1)(A); *see Marshall v. Commissioner of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). A position is "substantially (*i.e.*, for the most part) justified..." under the EAJA when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "Stated otherwise, a position is substantially justified when it has a 'a reasonable basis in law and fact.'" *Howard*, 376 F.3d at 554 (quoting, in part, *Pierce*, 487 U.S. at 566 n.2). The conclusion that the Government's position "was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified.... Indeed, 'Congress did not ... want the 'substantially justified' standard to be 'read to raise a presumption that the Government position was not substantially justified simply because it lost the case....'" *Howard*, 376 F.3d at 554 (citations omitted); *see Pierce*, 487 U.S. at 566 n.2.

The EAJA places the burden on the Government to demonstrate that its position

was substantially justified. *See Healey v. Leavitt*, 485 F.3d 63, 67 (2nd Cir. 2007); *see also Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007)(courts have "uniformly recognized" that this burden "must be shouldered by the Government."); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988).

In the present case, the Commissioner argues that an EAJA award is unwarranted because the decisions to oppose Plaintiff's DIB application at the administrative level and to support ALJ McNichols' decision before this court were reasonable. (Doc. # 19). The Commissioner points out that the Court did not accept all of Plaintiff's challenges to the ALJ's decision. Instead, the Court found no error in the ALJ's decision at Step 3 of the sequential evaluation or in his handling of the opinions provided by Drs. Romer and Jump. The Commissioner acknowledges that the Court found error in the ALJ's evaluation of the opinions provided by Dr. Timpone, Plaintiff's treating physician. Yet, the Commissioner maintains that the decision to support the ALJ was reasonable, and hence substantially justified, because the ALJ's assessment of Plaintiff's residual functional capacity incorporated some of the restrictions Dr. Timpone identified.

The Commissioner overlooks that the ALJ failed to consider or even mention the rebuttable presumption applicable to treating medical source opinions under social security regulations and case law. *See* 20 C.F.R. §404.1527(d)(2). "[I]n all cases, there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is

entitled to great deference, its non-controlling status notwithstanding." *Rogers v. Commissioner of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). The reasoning for the rebuttable presumption illuminates the significance of the ALJ's error. The Regulations explain:

> Generally, we give more weight to opinions from your treating sources, since these sources are more likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations....

20 C.F.R. §404.1527(d)(2). Because the ALJ failed recognize the rebuttable presumption and further failed to evaluate whether evidence was sufficient to rebut the presumption due Dr. Timpone's opinion, the ALJ did not base his evaluation of Dr. Timpone's opinions under the legal criteria set forth in 20 C.F.R. §404.1527(d), Social Security Ruling 96-2p, 1996 WL 374188, *Rogers*, 486 F.3d at 242, *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004), or case law dating back at least twenty-five years, *e.g, Lashley v. Secretary of Health and Human Services,* 708 F.2d 1048, 1054 (6th Cir. 1983) (describing as "well settled" the general deference due treating physician opinions). It was unreasonable for the Commissioner to overlook the ALJ's failure to consider this rebuttable presumption – the required mandatory legal criteria – when evaluating Dr. Timpone's opinions. And, therefore, the Commissioner's position in support of the ALJ was not substantially justified.

4

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Application For Attorney Fees Under Equal Access To Justice Act (Doc. # 18) be GRANTED;

2. Plaintiff be granted an award of attorney fees in the total amount of $6,357.08; and

3. The case remain terminated on the docket of this Court.


November 21, 2011

                s/Sharon L. Ovington
                Sharon L. Ovington
              United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).